# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

BRANDON RAY IVEY,          )
                                     )
          Petitioner,         )
                                     )
v.                                )          **Case No. 17-CV-524-GKF-FHM**
                                     )
JAMES YATES, Warden,[1]        )
                                     )
          Respondent.      )

## OPINION AND ORDER

Petitioner Brandon Ray Ivey, a state inmate appearing *pro se,* brings this 28 U.S.C. § 2254 habeas corpus action to challenge his conviction and sentence entered in Tulsa County District Court Case No. CF-2008-5282. Dkt. 1 at 1. Before the Court is the Oklahoma Attorney General's motion to dismiss the petition as untimely. Dkt. 8. For the reasons discussed below, the petition will be dismissed.

## I. Background

This case arises from a failed robbery attempt involving Ivey and three co-conspirators. Ivey pled nolo contendere on February 24, 2010 to attempted robbery with a firearm and assault and battery with a dangerous weapon in violation of OKLA. STAT. tit. 21, §§ 801 and 645. *See* Dkt. 9-1 at 1, 6. The state court sentenced Ivey to 25 years' imprisonment for the robbery conviction and 10 years' imprisonment for the assault conviction, to be served concurrently. *Id.* The state court signed the Judgment and Sentence on February 24, 2010. *Id.* Ivey did not appeal.

---

[1] Petitioner is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma. Dkt. 1, 13. James Yates, the warden of DCF, is therefore substituted in place of Joe M. Allbaugh as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note the substitution on the record.

*See* Dkt. 1 at 2.

During the following year, Ivey filed two *pro se* requests to disturb his conviction. His first request, a letter dated April 2, 2010, sought to withdraw the plea. *See* Dkt. 9-2. The state court denied the request on April 7, 2010. *Id.* Ivey's second motion, filed February 22, 2011, requested a sentence modification pursuant to OKLA. STAT. tit. 22, § 982a. *See* Dkt. 9-3. The state court denied that motion on March 4, 2011. *See* Dkt. 9-4. Ivey did not seek any additional substantive relief for the next 17 months. *See* Docket Activity in Case No. CF-2008-5282.[2]

On August 7, 2012, Ivey renewed his efforts and filed another *pro se* motion to withdraw his plea. *See* Dkt. 9-5. Ivey then filed four supplemental *pro se* pleadings which, collectively, challenge his plea, conviction, and sentence. *See* Dkts. 9-6 and 9-7; Letters dated Jan. 10, 2013 and Jan. 25, 2013 in Case No. CF-2008-5282. The state court focused on the last pleading, which was the only formal application for post-conviction relief, and denied relief by an order entered January 15, 2014 (State Habeas Order). *See* Dkt. 9-8. Ivey continued to challenge his conviction through a series of handwritten motions, letters, and other filings. *See* Docket Activity in Case No. CF-2008-5282.

In 2016, Ivey experienced limited success. He filed an application for post-conviction relief and to file an untimely appeal on July 25, 2016. The application demonstrated Ivey never received a copy of the State Habeas Order. *See* App. and Exhibits filed July 25, 2016 in Case No. CF-2008-5282. The state court recommended an extension of time to appeal the State Habeas Order but denied all other relief. *See* Order entered Dec. 7, 2016 in Case No. CF-2008-5282. The Oklahoma Court of Criminal Appeals agreed and granted the extension by an order entered

---

[2]    The Court takes judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

April 12, 2017.  *See* Mandate entered in Case No. CF-2008-5282.  The appellate court later dismissed the proceedings for failure to prosecute.  *See* Order Dismissing Post-Conviction Appeal entered July 21, 2017 in Case No. CF-2008-5282.

Ivey filed the instant federal habeas petition on September 15, 2017.  *See* Dkt. 1.  He contends trial counsel was ineffective; his plea was not voluntary or knowing; and the trial court violated his right to due process.  *Id.* at 3-5.  In its motion to dismiss (Dkt. 8) and supporting brief (Dkt. 9), the Attorney General contends Ivey's petition is time barred under 28 U.S.C. § 2244(d).  Construed liberally, Ivey's response appears to seek equitable tolling.  *See* Dkt. 10, supplemented by Dkt. 13.[3]  He contends his mental illnesses prevented him from timely prosecuting an appeal or state habeas petition.  *Id.*  He also asserts he did not understand how to prosecute his appeal of the State Habeas Order.  *See* Dkt. 10 at 1.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for habeas corpus petitions.  28 U.S.C. § 2244(d).  The limitation period generally begins to run from the date on which a prisoner's conviction becomes final.  *See* 28 U.S.C. 2244(d)(1)(A).  The one-year limitation period can be extended:

(1)      While a properly filed state habeas petition is pending, § 2244(d)(2);

(2)      Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)      Where a new constitutional right has been recognized by the Supreme Court, §

---

[3]      The Court has considered Ivey's untimely supplemental response (Dkt. 13) in an effort to liberally construe his pleadings.  *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (holding *pro se* "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers").  The supplemental response does not change the result of this ruling.

2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because AEDPA's one-year limitation period is not jurisdictional, the period may be extended through equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or "overcome" through "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

### A.  The Petition is Untimely

The Attorney General contends, and Ivey appears to concede, the petition was not filed within the one-year limitation period.  Application of § 2244(d)(1)(A) supports this concession. The state court sentenced Ivey on February 24, 2010.  *See* Dkt. 1 at 2.  Because Ivey did not file a timely motion to withdraw his plea or otherwise appeal, his convictions became final 10 days later on March 7, 2010.  *See* Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) (requiring defendant to file application to withdraw guilty plea within 10 days of sentencing as prerequisite to commencing certiorari appeal); *Fleming v. Evans,* 481 F.3d 1249, 1255 (10th Cir. 2007) (observing that the one-year period begins to run 10 days after sentencing where petitioner fails to "file a timely motion for leave to withdraw his plea or otherwise directly appeal his conviction").

In the year that followed, there were only two requests that could have arguably tolled the limitation period under § 2244(d)(2): the April 2, 2010 letter to withdraw the plea, which was denied five days later, and the February 22, 2011 motion for a sentence modification, which was denied ten days later.  *See* Dkt. 9-2, 9-3.  Even if Ivey is credited with the time the requests were

pending (15 days total),[4] the one-year limitation period expired on March 22, 2011, over six years before he filed his federal habeas petition. The additional state court filings submitted after March 22, 2011 did not restart the clock or otherwise immunize the untimely federal petition. *See Gunderson v. Abbott*, 172 Fed. App'x. 806, 809 (10th Cir. 2006) (unpublished) ("A state court filing submitted after the AEDPA deadline does not toll the limitations period.");[5] *Fisher v. Gibson*, 262 F.3d 1135, 1142-1143 (10th Cir. 2001) (tolling is not available "for time spent in state post-conviction proceedings" where "applications for post-conviction relief were not filed until after" expiration of the one-year limitation period). Ivey's 2017 appeal of the State Habeas Order, and any defects in that proceeding, likewise have no impact on the AEDPA deadline. *Id.* Thus, the habeas petition is time barred unless he is entitled to equitable tolling.

### B. Ivey is Not Entitled to Equitable Tolling

Ivey contends he did not understand how to timely challenge the conviction due to his mood disorder, personality disorder, anxiety, schizophrenia, and hypertension. *See* Dkt. 10 at 2; Dkt. 13 at 1. To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010), (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner to "show specific facts to support his claim of extraordinary circumstances

---

[4] The Court assumes without deciding that statutory tolling applies, as Tenth Circuit law is unsettled in this area. *See Melander v. Wyoming,* 661 Fed. App'x 521, 525 (10th Cir. Sept. 8, 2016) (unpublished) (holding a motion to withdraw a guilty plea can trigger tolling, but analyzing the case under Utah law); *Waldron v. Patton,* 2014 WL 1976455, * 3 n.2 (N.D. Okla. May 14, 2014) (noting the Tenth Circuit has not addressed whether, under current law, a motion for judicial review of a sentence tolls the one-year period).

[5] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2000)).

Mental impairment can present "extraordinary circumstances" in certain limited situations. *See Reupert v. Workman,* 45 Fed. App'x 852, 854 (10th Cir. 2002) (unpublished) ("equitable tolling may be appropriate where there is adequate proof of incompetence"). However, the bar for impairment is high. Equitable tolling is only available "when there is a severe or profound mental impairment, such as that resulting in institutionalization or adjudged mental incompetence." *Del Rantz v. Hartley,* 577 Fed. App'x 805, 810 (10th Cir. 2014) (unpublished). *See also Reupert,* 45 Fed. App'x at 854 (tolling "based on mental incapacity is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity") (quotations omitted); *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (same, but applied in the context of *pro se* employment litigation). "Allegations of mental incompetence alone … are generally insufficient to warrant equitable tolling." *Wiegand v. Zavares,* 320 Fed. App'x 837, 839 (10th Cir. 2009) (unpublished).

There is no claim here that Ivey was adjudged incompetent. There are also no specific facts supporting an exception based on institutionalization. Ivey alleges he was hospitalized for self-harm three to five times in the past, and that he spent five days in the prison hospital in December 2017 following a suicide attempt. *See* Dkt. at 2. However, he does not assert the hospitalizations occurred during the one-year limitation period or describe how they prevented him from timely filing his federal petition. *See Dill v. Workman*, 288 Fed. App'x. 454, 457 (10th Cir. 2008) (unpublished) (rejecting tolling argument where petitioner failed to connect the alleged "extraordinary circumstances" to his filing delay).

6

Further, even if Ivey's impairment is fairly serious, the record demonstrates he was nevertheless capable of pursuing his own claims. Ivey filed over 20 *pro se* pleadings challenging his conviction and sentence between 2010 and 2017. *See* Docket Activity in Case No. CF-2008-5282. He even won the right to appeal the State Habeas Order over two and a half years after its entry. *See* Order entered Dec. 7, 2016 and Mandate entered April 12, 2016 in Case No. CF-2008-5282. His issue, then, was more about knowledge than ability. Had Ivey known about AEDPA's requirements, the Court is convinced he could and would have complied. However, "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotations omitted). Equitable tolling is therefore not warranted, and the petition must be dismissed as untimely.

## III. Certificate of Appealability

Habeas Corpus Rule 11 requires "[t]he district court [to] … issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the dismissal is based on procedural grounds, the petitioner must also show reasonable jurists would find the ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not debate that Ivey's habeas petition is time barred, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      The Clerk of Court shall note the substitution of James Yates, Warden, in place of Joe M. Allbaugh, Warden, as party respondent.

2.      The motion to dismiss Ivey's petition for a writ of habeas corpus (Dkt. 8) is **granted**.

3.      A certificate of appealability is **denied**.

4.      A separate Judgment will be entered disposing of the case.

**IT IS SO ORDERED** this 1st day of May, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE